UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LANE ROBERT PINCHARD,

        Plaintiff,

  v.                                Case No. 19-cv-1411-pp

ANDREW M. SAUL,

        Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 3)**

---

      The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

      To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

      Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff's affidavit indicates that he is not employed, he is married (but "currently going through a divorce"), and he has no dependents he is responsible for supporting. Dkt. No. 3 at 1. The plaintiff lists income of $1,500 per month from his spouse and expenses of approximately $3,250 per month ($1,000 rent, $750 credit card payments,

$650 other household expenses, $400 counseling/medical, $450 car maintenance and gas). Id. at 2-3. The plaintiff does not own a home or any other property of value, he owns a 2008 Chevrolet Cobalt worth approximately $1,200, and he has $86 in a checking account. Id. at 3-4. Although the plaintiff lists a joint savings account with a balance of $125,000, he states that "neither [he nor his wife are] allowed to use that money until the divorce is final." Id. The plaintiff also states, "[my wife] gives me $1,500 a month toward my bills. I have to put almost all my bills on credit cards because I don't have enough to pay them." Id. at 4. The plaintiff has demonstrated that he cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that he was disabled during the time period included in this case, that he was denied Social Security benefits, and that the defendant's unfavorable conclusions and findings of fact are not supported by substantial evidence and/or are contrary to law and regulation.

Dkt. No. 1 at 1-2. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 27th day of September, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**